No. 38,770

KANSAS-BOSTWICK IRRIGATION DISTRICT No. 2, et al., *Appellees,* v. MARVIN E. LARSON, et al., *Appellants.*

No. 38,780

KANSAS-BOSTWICK IRRIGATION DISTRICT No. 2, et al., *Appellees,* v. CHARLES MIZER, et al., *Appellants.*

(245 P. 2d 1213)

Opinion filed July 3, 1952.

In No. 38,770, *Marvin E. Larson,* of Topeka, argued the cause, and *Schuyler W. Jackson,* of Topeka, and *Frank G. Spurney,* of Belleville, were with him on the briefs for the appellants.

*N. J. Ward,* of Belleville, argued the cause, and *Fred Swoyer,* of Belleville, was with him on the briefs for the appellees.

In No. 38,780, *Jacob A. Dickinson,* of Topeka, argued the cause, and *Edward Rooney* and *David Prager,* both of Topeka, were with him on the briefs for the appellants.

*N. J. Ward,* of Belleville, argued the cause, and *Fred Swoyer,* of Belleville, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: These consolidated appeals arise out of the same case in the court below. Briefly summarized, the facts are as follows:

In May, 1951, Kansas-Bostwick Irrigation District No. 2 brought an action for the approval of a contract entered into by and between it and the United States Department of Interior, Bureau of Reclamation, dated April 20, 1951, and for the approval of certain proposed assessments set out in the petition. Various motions and demurrers, based chiefly on the ground the lower court had no jurisdiction of the action because of the unconstitutionality of the statute purportedly conferring jurisdiction, were filed against the petition. While those motions and demurrers were pending and undecided one Mizer and others, who were parties to the action, filed a separate action to enjoin the officers of the irrigation district and the district itself from proceeding pursuant to the contract with the Federal government. This later action will be referred to as the injunction case. The court held the statute in question unconstitutional and issued an injunction enjoining the irrigation district and its officers from proceeding further in the irrigation district case and from taking any steps in furtherance of the proposed contract for irrigation entered into with the Federal government. Notice of appeal to this court from the ruling in the injunction case being given, the lower court stayed all proceedings in the irrigation district case pending the outcome of the appeal in the injunction case. On December 8, 1951, our decision reversing the ruling of the lower court in granting the injunction was handed down and is found in *Mizer v. Kansas-Bostwick Irrigation District*, 172 Kan. 157, 239 P. 2d 370.

On January 5, 1952, Judge W. D. Vance, before whom all prior proceedings were had, died. On January 25, 1952, and pursuant to the decision of this court in the injunction case, plaintiffs in the irrigation district case filed a motion for judgment and the matter was argued before the successor judge. On February 4, 1952, the court overruled all motions and demurrers filed by various defendants, sustained the motion for judgment, entered an order confirming and approving the contract between the irrigation district and the Federal government, and ordered that the proposed assessments, as set out in the petition, were correctly and uniformly assessed.

We thus have this situation: Various motions and demurrers were filed against the petition in the irrigation district case. In the meantime a number of defendants in that action filed an injunction action to enjoin the irrigation district from proceeding

further. The trial court held the statute in question unconstitutional and granted an injunction. In the meantime all proceedings in the irrigation district case were stayed pending the outcome of an appeal in the injunction case. On appeal to this court the ruling in the injunction case was reversed. Subsequent to our decision the district judge before whom all proceedings were had, died, and shortly thereafter his successor in office overruled all motions and demurrers filed by defendants in the irrigation district case and entered judgment for the district.

These appeals followed.

In case No. 38,770 Larson and others appeal from the order overruling their demurrer to the petition, and in their brief state that they raise only one question, namely, did the legislature intend the amendment made in chapter 304 of the Laws of 1951 to operate retrospectively or prospectively?

Appellee irrigation district contends the question is settled by our decision in the injunction case above referred to. Appellants Larson and others contend the question was not "seriously presented" in that appeal and have filed an exhaustive brief covering the subject of retroactive and prospective legislation.

No good purpose would be served in repeating what was said in our decision in the injunction case, but it is clear that the contentions of appellants Larson and others were decided adversely to them in our former decision, in which, among other things, it was held that chapter 304, Laws of 1951, did not impair the obligation of a contract in violation of article 1, section 10, of the Federal Constitution. The answer to appellants' contention is inherent in that ruling. The court did not err in overruling the demurrer in question.

In case No. 38,780 a different question is presented. While these proceedings were pending and undecided in the lower court Mizer and others were ordered to file their answers in the form of a general denial. There was much discussion between court and counsel concerning the nature of the defenses sought to be included in those answers, a considerable portion of which has been abstracted but which it is unnecessary to set out in this opinion. We have examined the statements made by the then district judge at the time he stayed all proceedings in the case pending the outcome of the. appeal in the injunction case and are satisfied that appellants Mizer and others were given positive assurance that their right to

file additional answers setting up any specific defenses which they might have were to be fully preserved and protected. The order made on February 4, 1952, sustaining the irrigation district's motion for judgment cut off those rights and in effect was in direct conflict with the directions contained in the last paragraph of our decision in the injunction case in which the lower court was directed to proceed with the determination of the irrigation district's action and to determine whether any assessment as to any particular tract of land, which assessment was challenged in a pleading filed by the owner of that particular tract in due time was manifestly disproportionate. The summary entry of judgment amounted to a denial to these appellants of the rights guaranteed to them by the statute and by the trial court at the time all proceedings in the action were stayed.

Numerous other contentions are made by the various parties to these appeals. All have been noted and considered but require no discussion.

In case No. 38,770 the ruling of the lower court in overruling the demurrer of appellants Larson and others is affirmed.

In case No. 38,780 the ruling of the lower court in sustaining the motion for judgment and in denying appellants Mizer and others the right to file individual answers objecting to the proposed assessments is reversed, with directions to proceed in accordance with the direction contained in the last paragraph of our decision in the injunction case above referred to.

HARVEY, C. J., and SMITH, J., concur in the disposition of case No. 38,770, and dissent from the disposition of case No. 38,780.